Mr. Don Bell General Counsel Department of State The Capitol Tallahassee, Florida 32399-3680
Dear Mr. Bell:
Your office has asked the following question:
What is the proper disposition of public records of a special taxing district that has been dissolved by special act of the Legislature and its assets sold to a private entity?
In sum:
In the absence of legislative direction in the special act dissolving the district, the records of the special district should be delivered to the Division of Library and Information Services of the Department of State, which is responsible for the disposition of such records.
Your inquiry is prompted by a situation that recently arose regarding the Beaches Public Hospital Special Taxing District (district). The district was created by chapter 82-291, Laws of Florida, as a special taxing district located in Duval County.[1]
The 1994 Legislature, however, approved the sale of the hospital facility and related assets and liability of the district to the Baptist Medical Center of the Beaches, Inc. (BMC-B).[2] Section 3 of Chapter 94-434, Laws of Florida, provides:
Dissolution of Beaches Public Hospital Special Taxing District. — Upon the effective date of the transfer of title to its assets to BMC-B, the Beaches Public Hospital Special Taxing District shall be dissolved and chapter 82-291, Laws of Florida, shall be repealed in its entirety, together with all special acts amendatory thereof.
The records of the special taxing district are clearly public records.[3] However, since the district has been dissolved and its assets transferred to a private entity, the question has been raised as to the proper disposition of the records of a special district abolished by the Legislature.
The special act abolishing the district is silent as to the disposition of the records. While the district's assets and liabilities have been transferred to a nonprofit corporation, nothing in the act indicates a legislative intent that the private corporation be designated as the custodian of the abolished district's records.
Section 119.05, Florida Statutes, provides that whoever has custody of public records shall deliver such records to his successor at the expiration of his term of office or, if there is no successor, to the records and information management program of the Division of Library and Information Services (division) of the Department of State. The statute's mandate applies to both exempt and nonexempt records.[4]
If the district is abolished by special act of the Legislature with no direction as to the disposition of the district's records, there is no successor in office to accept receipt of the records. The provisions of section 119.05, Florida Statutes, would therefore appear to require that the records be delivered to the division.
Section 257.35(2), Florida Statutes, provides:
Any agency is authorized and empowered to turn over to the division [of Library and Information Services] any record no longer in current official use. The division, in its discretion, is authorized to accept such record and, having done so, shall provide for its administration and preservation as herein provided and, upon acceptance, shall be considered the legal custodian of such record. The division is empowered to direct and effect the transfer to the archives of any records that are determined by the division to have such historical or other value to warrant their continued preservation or protection. . . .[5] (e.s.)
Title to records transferred to the Florida State Archives is vested in the division.[6]
Since the district has been abolished by the Legislature, it appears that its records are no longer in official use. Thus, in light of the above statutory provisions, the records of the abolished special taxing district should be turned over to the records and information management program of the division pursuant to sections 119.05 and 257.35, Florida Statutes. The division, as legal custodian, should determine the disposition of such records and is responsible for the maintenance or disposition of such records.
Accordingly, in the absence of legislative direction in the special act dissolving the district, I am of the opinion that the records of the special district should be turned over to the Division of Library and Information Services of the Department of State, which would be responsible for the maintenance and disposition of such records.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] The special act was approved by referendum during the November 1982 general election and the district was established January 1, 1983. See, s. 16, chapter 82-291, Laws of Florida.
[2] See, Ch. 94-434, Laws of Florida. And see, s. 189.4043, Fla. Stat. (1993), stating that the charter of an existing special district may be revoked and the special district dissolved by, among other things, a special act of the Legislature.
[3] See, s. 119.011(1), Fla. Stat. (1993), defining "public records" and s. 119.07(1), Fla. Stat. (1993), providing for the inspection and copying of public records.
[4] See, s. 257.36(5), Fla. Stat. (1993), defining "agency" to mean "any state, county, or municipal officer, department, division, bureau, board, commission, or other separate unit of government created or established by law. . . ."
[5] See, Op. Att'y Gen. Fla. 75-282 (1975).
[6] Section 257.36(2)(a), Fla. Stat. (1993). Compare, s.257.36(2)(a), Fla. Stat. (1993), which provides:
All records transferred to the division may be held by it in a records center or centers, to be designated by it, for such time as in its judgment retention therein is deemed necessary. At such time as it is established by the division, such records as are determined by it as having historical or other value warranting continued preservation shall be transferred to the Florida State Archives.
Under this provision, however, title remains with the agency transferring the record. See, s. 257.36(2)(c), Fla. Stat. (1993), providing that if records held in a records center are eligible for destruction, the division shall notify the agency that transferred the records. The agency has 90 days from the receipt of that notice to respond, requesting continued retention or authorizing destruction or disposal of the record. If the agency does not respond within that time, title to the record passes to the division.